[841 NYS2d 868]

In the Matter of ZOILO I. SILVA, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 4, 2007

### APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*James T. Shed* of counsel), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Zoilo I. Silva was admitted to the practice of law

in the State of New York by the First Judicial Department on August 27, 1984. At all times relevant to these proceedings, respondent maintained an office for the practice of law within this Department.

The Departmental Disciplinary Committee now moves, pursuant to 22 NYCRR 603.11, for an order accepting respondent's resignation from the practice of law and to strike his name from the roll of attorneys. Respondent's affidavit of resignation, sworn to on May 30, 2007, complies with section 603.11 in that he states that (1) his resignation is submitted freely, voluntarily and without coercion or duress, and that he is fully aware of the implications of submitting his resignation, (2) he is aware that the Committee is investigating complaints of professional misconduct against him, and (3) if charges were brought predicated upon those complaints, he would be unable to successfully defend himself (*see* 22 NYCRR 603.11 [a] [1]-[3]).

Specifically, he acknowledges that following the effective date of his two-year suspension, March 28, 2006, he agreed to commence a lawsuit for an individual, accepted payment of $2,500, filed documents that he had prepared using the name of another attorney, and worked on the case without informing his client that he was under suspension. He also maintained a professional sign listing himself as an attorney at law on the office directory in the building where he had maintained an office.

In addition, in three litigated matters in which respondent represented clients prior to his suspension, he continued that representation after his suspension without notifying his adversaries or making arrangements for the substitution of counsel. In one of the matters, he accepted a fee pursuant to his retainer agreement, although a suspended attorney receiving compensation for services rendered prior to suspension is required to have his fee fixed by the court.

Accordingly, the Committee's motion should be granted, respondent's resignation from the practice of law accepted, and his name stricken from the roll of attorneys.

TOM, J.P., SAXE, FRIEDMAN, SULLIVAN and BUCKLEY, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to May 30, 2007.